UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW JOHN HAUGAN,<br><br>  Plaintiff,<br><br>vs.<br><br>ANGEL LUIS PADILLA, Sergeant at SDSP, individual and official capacity; and KELLIE WASKO, Secretary of Corrections at SDSP, individual and official capacity,<br><br>  Defendants. | 4:24-CV-04133-RAL<br><br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff Matthew John Haugan, an inmate at the South Dakota State Penitentiary (SDSP), filed a pro se civil rights lawsuit under 28 U.S.C. § 1983. Doc. 1. He moves for leave to proceed in forma pauperis and provided his prisoner trust account report. Docs. 6, 7.

I.  **Motion for Leave to Proceed In Forma Pauperis**

Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

  (A) the average monthly deposits to the prisoner's account; or
  (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Haugan reports an average monthly balance for the past six months in his prisoner trust account of $54.46 and an average monthly deposit of $55.00. Doc. 7 at 1. Thus, this Court grants Haugan's motion for leave to proceed in forma pauperis, Docket 6, and waives his initial partial filing fee because his initial partial filing fee would be more than his current balance. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Haugan must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Haugan's institution. Haugan remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997).

2

## II.     1915A Screening

### A.     Factual Background Alleged by Haugan

Haugan claims that from May 9, 2021, until he was released on March 7, 2023, he suffered abuse by SDSP Sergeant Angel Luis Padilla.[1] Doc. 1 at 7; Doc. 1-1 at 2, 4. On May 9, 2021, Padilla initiated sexual advances toward Haugan, when he was in administrative segregation. Doc. 1 at 4. Two weeks later, Padilla began having Haugan touch Padilla's penis over Padilla's pants when Haugan was moved to the showers or through the cuff port of his cell. Id. Padilla continued this behavior until Haugan was released from administrative segregation. Id.

In April 2022, Padilla came into Haugan's workspace in laundry when Haugan was alone. Id. Padilla went to the back and placed his mouth around Haugan's penis. Id. On July 16, 2022, when Haugan was a hallway orderly, Padilla came into the staff bathroom where Haugan was cleaning. Id. Padilla had Haugan place Padilla's penis in his mouth. Id. Haugan claims that there were countless other occurrences of Padilla taking him into the staff bathroom and touching Haugan sexually or having Haugan touch him sexually. Id.; see also Doc. 1-1 at 4 (alleging that at least fifteen incidents of sexual conduct occurred). Haugan alleged in a grievance that Padilla mentally abused him by leading Haugen to believe that they were in a relationship. Doc. 1-1 at 2, 4.

On March 12, 2023, Haugan filed a Prison Rape Elimination Act (PREA) complaint about Padilla's actions. Id. at 1. On November, 21, 2023, Lieutenant Wynia, the PREA investigator, determined that Haugan's claim was substantiated. Id. at 1, 3. On May 8, 2024, Haugan wrote a letter to South Dakota Secretary of Corrections Kellie Wasko about how Padilla has not been held accountable. Id. at 4. Haugan also wrote that a staff member has refused to see him for a cavity

---

[1] At the time the alleged abuse occurred, Padilla was a correctional officer. Doc. 1 at 4.

3

in his mouth because Padilla is her brother-in-law. Id. In the letter, Haugan stated that Padilla refused to talk to him once he was released; Haugan then texted Padilla's wife to get his ring back, which he had gifted to Padilla. Id. Haugan also expressed dissatisfaction about the absence of criminal charges against Padilla, but Haugan had been informed that the South Dakota Department of Corrections turned the case over to the South Dakota Division of Criminal Investigation, which declined the case. Id. at 2–5.

Because of Padilla's mental, physical, and sexual abuse, Haugan claims to have suffered from mental and emotional distress and post-traumatic stress disorder. Id. at 2; Doc. 1 at 4. He alleges that Defendants violated his rights under the Eighth Amendment. Doc. 1 at 4. He sues Padilla and Wasko in their individual and official capacities. Id. at 2. He seeks to recover $300,000 in damages due to the length of abuse he suffered by Padilla. Id. at 7.

### B.  Legal Standard

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

4

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 556). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    C.    **Legal Analysis**

        1.    **Official Capacity Claims**

Haugan sues Padilla and Wasko in their official capacities as employees of the State of South Dakota. Doc. 1 at 2. The only relief he seeks is monetary damages. Id. at 7. As the Supreme Court of the United States has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v.

5

Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. Id. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. Id. Here, Haugan seeks money damages against Defendants in their official capacities. Doc. 1 at 7. The State of South Dakota has not waived its sovereign immunity. Thus, Haugan's claims against Padilla and Wasko in their official capacities for money damages are dismissed with prejudice under 28 U.S.C §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

### 2.    Individual Capacity Claims

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). Haugan's individual capacity claims must allege that each individual defendant either directly participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor. See id.

6

### a.  Claim Against Padilla

A prisoner alleging violation of their Eighth Amendment rights must satisfy both an objective and subjective element for cruel and unusual punishment. Richardson v. Duncan, 117 F.4th 1025, 1028 (8th Cir. 2024). "[S]exual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and . . . can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain'" in violation of the Eighth Amendment. Freitas v Ault, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer acted with a sufficiently culpable state of mind." Id.

"[W]elcome and voluntary sexual advances, no matter how inappropriate, cannot as a matter of law constitute 'pain' as contemplated by the Eighth Amendment." Id. at 1339. "To state a plausible constitutional claim, therefore, a prisoner who recounts sexual contact that is outwardly consensual must allege at least some manifestation of resistance by the prisoner or some act of coercion by the corrections official." Richardson, 117 F.4th at 1030.

Here, Haugan alleges that Padilla led him to believe that they were in a "relationship" and that Padilla loved him. Doc. 1-1 at 4. Haugan does not allege that he was forced to engage in sexual conduct, but he does appear to generally allege that the sexual contact was initiated by Padilla and involved some level of deceit about the existence of a relationship between them. Doc. 1 at 4. Haugan alleges that because of Padilla's actions he suffered from mental and emotional distress. Id. This Court cannot determine at this stage that Haugan's claim is wholly without merit. Thus, Haugan's Eighth Amendment sexual assault claim against Padilla in his individual capacity for money damages survives § 1915A screening.

### b. Claim Against Wasko

In the letter to Wasko, Haugan claims that there has been a violation of PREA. Doc. 1-1 at 4. To the extent that this could be construed as a claim for violation of PREA, Haugan fails to state a claim. "Courts have found that PREA ... does not create a private right of action enforceable by an individual civil litigant." Rindahl v. Kaemingk, 4:17-CV-04088-RAL, 2017 U.S. Dist. LEXIS 105964, at *2 (D.S.D. July 10, 2017) (citation omitted) (collecting cases). Thus, Haugan's PREA claim against Wasko is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Haugan also sues Wasko for violation of his Eighth Amendment rights, but he has not alleged any personal involvement by Wasko. In 2024, Haugan wrote Wasko a letter informing her that a staff member refused to have his mouth looked at for his cavity. Doc. 1-1 at 4. But he has not alleged that Wasko was involved or that his rights were violated by her failure to train or supervise her staff. Id. Thus, Haugan's Eighth Amendment claim against Wasko is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### III. Conclusion

Accordingly, it is

ORDERED that Haugan's motion for leave to proceed in forma pauperis, Doc. 6, is granted. It is further

ORDERED that the Clerk of Court shall send a copy of this order to the appropriate financial official at Haugan's institution. It is further

ORDERED that the institution having custody of Haugan is directed that whenever the amount in Haugan's trust account, exclusive of funds available to him in his frozen account,

8

exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Haugan's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full. It is further

ORDERED that Haugan's claims against Padilla and Wasko in their official capacities for money damages are dismissed with prejudice under 28 U.S.C §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). It is further

ORDERED that Haugan's Eighth Amendment sexual assault claim against Padilla in his individual capacity for money damages survives § 1915A screening. It is further

ORDERED that Haugan's PREA claim against Wasko is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Haugan's Eighth Amendment claim against Wasko in her individual capacity is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that the Clerk shall send a blank summons form and United States Marshals Service Form (Form USM-285) to Haugan so that he may complete the form to cause the complaint to be served upon Defendant Padilla. It is further

ORDERED that Haugan shall complete and send the Clerk of Court a summons and USM-285 form for Padilla within **thirty days from the date of this Court's screening order**. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed. It is further

ORDERED that the United States Marshals Service shall serve the completed summons, together with a copy of the complaint, Doc. 1, the attachments to the complaint, Doc. 1-1, and this order upon Padilla. It is further

ORDERED that Padilla serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the Defendant falls under Fed. R. Civ. P. 12(a)(2) or (3). It is finally

ORDERED that Haugan keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by this Court's Civil Local Rules while this case is pending.

DATED April 9th, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE