UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW JOHN HAUGAN,<br><br>Plaintiff,<br><br>vs.<br><br>ANGEL LUIS PADILLA, Sergeant at SDSP, individual capacity,<br><br>Defendant. | 4:24-CV-04133-RAL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO DEPOSE PLAINTIFF |

Plaintiff Matthew John Haugan, an inmate at the South Dakota State Penitentiary (SDSP), filed a pro se civil rights lawsuit under 28 U.S.C. § 1983. Doc. 1. This Court granted Haugan's motion for leave to proceed in forma pauperis and screened Haugan's complaint in accordance with 28 U.S.C. § 1915A. Doc. 8. Haugan's Eighth Amendment claim against defendant Angel Luis Padilla, in his individual capacity, survived 1915A screening, and this Court ordered service on Padilla. Id. at 9–10. 44. Haugan has been served, has answered, and this Court has entered a Rule 16 Scheduling Order. Docs. 20, 23, 24. Haugan moves for appointment of counsel, Doc. 29, and Padilla moves for leave to depose Haugan, Doc. 31.

I.  **Haugan's Motion for Appointment of Counsel**

Haugan moves for appointment of counsel.[1] Doc. 29. According to Haugan's declaration in support of his motion for appointment of counsel, he seeks counsel because this case is complex

---

[1] It appears to this Court that La'Shane Doyle Scott, another prisoner at the SDSP, handwrote Haugan's motion for appointment of counsel and supporting declaration. Scott has two cases pending before this Court, and his handwriting is distinctive. See Scott v. Carpenter, 4:23-CV-04020-RAL (D.S.D); Scott v. Haynes, 4:23-CV-04115-RAL (D.S.D.).

and will require discovery of documents and depositions of a number of witnesses. Doc. 30 ¶¶ 3, 6. Haugan also contends that he suffers from severe mental health issues. Id. ¶ 7. Finally, Haugan asserts that because he is housed in the administrative segregation unit, he has limited access to legal materials and has no ability to investigate the facts of this case. Id. ¶ 10.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). The Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). When determining whether to appoint counsel to a pro se litigant, the court considers the "factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). Haugan's claims are neither factually nor legally complex, and his filings clearly set forth his claims.

Haugan's alleged "severe mental health issues" do not warrant appointment of counsel at this stage of the proceedings. "Although [a plaintiff's] mental condition is a factor that may weigh in his favor, it does not of itself require that counsel be appointed." Edgington v. Mo. Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds by Doe v. Cassel, 403 F.3d 986 (8th Cir. 2005). After considering all the relevant factors, this Court denies Haugan's motion for appointment of counsel, Doc. 29, at this time. Haugan provides no medical records or other documentation to verify his claimed severe mental health issues, and he does not demonstrate how his mental health issues impede his ability to present his claims to this Court. See, e.g., Patterson v. Bank of Am., N.A., No. 4:22-CV-1392-MTS, 2023 WL 4560823, at *1 (E.D. Mo. July 17, 2023) (denying motion for appointment of counsel because the plaintiff did not submit information

demonstrating how his mental impairment impedes prosecution of the case and his interactions with the court demonstrate that he can adequately articulate his claims).

## II.     Padilla's Motion for Leave to Depose Haugan

Padilla seeks leave of court, in accordance with Federal Rule of Civil Procedure 30(a)(2)(B), to depose Plaintiff Matthew J. Haugan. Doc. 31. Generally, leave of court is not required when a party seeks to take a deposition. Fed. R. Civ. P. 30(a)(1). But Federal Rule of Civil Procedure 30(a)(2)(B) provides that leave of court is required "if the deponent is confined in prison." Permitting Padilla to depose Haugan is consistent with Rule 26(b)(1) and (2). Good cause appearing, Padilla's motion for leave to depose Haugan, Doc. 31, is granted provided that Padilla's counsel arranges for the court reporter to provide to Haugan a copy of his deposition transcript for his use during the pendency of this action. Padilla's counsel is responsible for the cost of providing to Haugan a copy of his deposition transcript.

## III.    Conclusion

Accordingly, it is

ORDERED that Haugan's motion for appointment of counsel, Doc. 29, is denied without prejudice to Haugan renewing his motion for appointment of counsel if the case proceeds beyond the motion stage. It is further

ORDERED that Padilla's motion for leave to depose Haugan, Doc. 31, is granted. Padilla's counsel must arrange for the court reporter to provide to Haugan a copy of his deposition transcript. Padilla's counsel is responsible for the cost of providing to Haugan a copy of his deposition

3

    DATED October 20th, 2025.

                                    BY THE COURT:

                                    ROBERTO A. LANGE
                                    CHIEF JUDGE